UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABEL ANTONIO MALDONADO ARDILA.,

Petitioner,

-against-

HAYNES, TODD LYONES, MARCOS
CHARLES, DEPUTY DIRECTOR WILLIAM
P. JOYCE, RODNEY S. SCOTT,
SECRETARY KRISTI NOEM, PAMELA
BONDI, DONALD J. TRUMP,

Respondents.

26 Civ. 04442 (GBD)

ORDER TO ANSWER, 28 U.S.C. § 2241

---

**GEORGE B. DANIELS, United States District Judge:**

Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. The

Court, having examined the Petition, hereby ORDERS that:

(1) Within **two business days of the date of this Order**, Respondents shall file a letter with
the following information:

   a. whether Petitioner was, as the Petition alleges, (*see* ECF No. 1, 1,) located in the
   Southern District of New York at the time that the Petition was filed and, if not,
   what District Petitioner was in at the time of filing and whether the Petition should
   be immediately transferred to that District, *see, e.g., Öztürk v. Hyde*, 136 F.4th 382,
   391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

   b. Petitioner's A-number, current place of detention, and a contact person who can
   facilitate prospective counsel's access to Petitioner;

   c. the statutory provision(s) under which Respondents assert the authority to detain
   Petitioner;

   d. if the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether
   there is any basis to distinguish this case from *Chen v. Almodovar*, 26 Civ. 291
   (GBD), 2026 WL 172883 (S.D.N.Y. Jan. 22, 2026), and, if not, whether
   Respondents would consent to issuance of the writ—subject to preservation of
   Respondents' arguments for appeal.

   e. a copy of any final order of removal; and

   f. any information regarding the procedural posture of any pending Department of
   Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition within **three business days of the date of this Order**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply within **ten business days of the date of this Order**.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g., Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g., Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). **Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.** *See, e.g., Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g., Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All communications with the Court by a *pro se* party should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to ProSe@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) hand-delivering the communication to the Pro Se Intake Unit. No documents or court filings should be sent directly to

Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

## CONCLUSION

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

Within **two business days of the date of this Order**, Respondents shall file a letter with the Court with the information described in this order. Respondents shall file an answer to the Petition within **three business days of the date of this Order.** Petitioner shall file any reply within **ten business days of the date of this Order.**

This Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address listed on the docket sheet for this action.

This Court also directs the Clerk of Court to mail Petitioner an information package.

**SO ORDERED.**

Dated:   May 28, 2026
        New York, New York

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3